**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

DEBORAH L. GRASTY PLAINTIFF

V. 4:03CV00631 JTR

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration DEFENDANT

# ORDER

## I. Background

Pending before the Court[1] is Plaintiff's Petition for Fee. (Docket entry #10.) Before addressing the Petition, the Court will review the relevant procedural history of this case.

On April 24, 2003, an Administrative Law Judge ("ALJ") decided that Plaintiff was not entitled to receive social security benefits. On August 8, 2003, Petitioner filed a Complaint challenging the ALJ's decision. (Docket entry #1.) Plaintiff alleged, among other things, that new medical evidence was available that supported a disability determination. *Id.* On November 24, 2003, Plaintiff moved to supplement the record with the additional evidence, and requested a remand so that the ALJ could consider the new evidence. (Docket entry #6.)

On September 15, 2004, the Court entered a Memorandum and Order granting Plaintiff's Motion to supplement the record, and remanded the case to the Commissioner for action consistent with the opinion. (Docket entry #9.) The Court specified that this was a "sentence six remand," and directed the Clerk to administratively close the file. (Docket entry #9 at 5.)

---

[1]The parties have consented in writing to proceedings before a United States Magistrate Judge. (Docket entry #2.)

On July 27, 2006, Plaintiff filed a Petition for Fee. (Docket entry #10.) In the Petition, Plaintiff alleges that a remand hearing was conducted on June 15, 2005, and a favorable decision was entered on July 18, 2005.[2] (Docket entry #10 at 1.) In the Petition, counsel requests $2,275.00 in fees and costs for time spent "at the Federal Court level."[3]

On April 16, 2007, the Commissioner filed a Response to the Petition in which he objects to the requested fee award on various grounds.[4] For the reasons discussed below, the Court agrees that the Petition should be denied at this time.

---

[2]Other than the fact of a favorable decision, Plaintiff's counsel does not make any representation as to the amount of the benefits awarded. Neither has Plaintiff's counsel submitted the Commissioner's Notice of Award, which typically states whether and what amount of the benefits award is being withheld for the payment of fees. According to the Commissioner's Response, Plaintiff was awarded $28,398.00 in past-due benefits, and Plaintiff's counsel received $5,300.00 in fees for work performed at the administrative level. (Docket entry #14 at 5.)

[3]Plaintiff's counsel has attached an Amended Contract of Employment dated May 13, 2002, in which Plaintiff agrees to pay counsel a fee "no greater than $5,300 or 25% of past due benefits" for "administrative services," and acknowledging that counsel would earn additional fees for "work at the Federal Court level" based on the lesser of the "Court's standard approved hourly fee" or $150.00 an hour. In his Petition, counsel claims that he spent 18.5 hours of work at the "Federal Court level," and cites his contractual hourly rate of $150.00 an hour. This would amount to $2,775.00 in fees (18.5 hours multiplied by $150.00 an hour), *more* than the $2,275.00 requested by counsel. If the $2,275.00 figure is not a typographical error, it is not apparent how counsel arrived at this figure.

[4]The Commissioner claims that he was not served with the fee Petition until March 2007. However, the Petition's certificate of service reflects service via mail on July 26, 2006, to the last Social Security Administration lawyer who had appeared in the case. On March 28, 2007, the Commissioner filed a Response (docket entry #12) in which it did not object to counsel's requested fee award pursuant to the Equal Access to Justice Act ("EAJA"), then later the same day moved to withdraw its Response because "further consideration" of the Petition was needed. (Docket entry #13.)

**II. Discussion**

The Court first notes, as does the Commissioner, that counsel does not specify whether the statutory authority for his fee request is the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq*., or the Social Security Act, 42 U.S.C. § 406(b). The distinction is significant for a number of reasons, not the least of which is the Court's authority to award fees given the procedural posture of this case.

The relevant portion of the EAJA statute provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of *final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection. . . ." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). As discussed earlier, the Court remanded this case pursuant to sentence six of 42 U.S.C. § 405(g). When a sentence six case is remanded, there has not yet been an entry of judgment on the merits. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (describing the "[i]mmediate entry of judgment" as the "principal feature that distinguishes a sentence-four remand from a sentence-six remand"). In *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991), the Court explained that "[i]n sentence six cases, the filing period [for an EAJA fee application] does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." Because there has been no final judgment entered on behalf of Plaintiff in this case, and neither party has requested one, the Court clearly lacks the authority to consider Plaintiff's fee request to the extent it is made under EAJA.

In contrast to EAJA, the Social Security Act provides, in pertinent part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before

the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(A). There is some authority in support of the proposition that a sentence-six remand is nonetheless a "judgment favorable to the claimant" authorizing a district court to award fees under § 406(b), assuming that the claimant subsequently receives an award of benefits. *See Ott v. Chater*, 916 F. Supp. 1120, 1124 (D. Kan. 1996), *rev'd on other grounds*, 1997 WL 26575 (10th Cir. 1997) ("Courts have held that remand of a case for further administrative proceedings constitutes a 'judgment favorable' to the claimant within the meaning of § 406(b)(1), if the claimant subsequently receives an award of benefits").

Even if the Court were to assume that it does have the authority to make a § 406(b) fee award in the current procedural posture, it is not inclined to do so because of the time (more than one year) that has elapsed between the administrative award and the filing of the fee Petition. Most importantly, unlike an EAJA award, an award of fees under 406(b)(1)(A) is deducted from the claimant's disability benefits. Given the lapse of time between the administrative decision and the fee Petition, the Court has concerns whether any money still remains in the possession of the Commissioner that could be used to pay attorneys fees under § 406(b). *See Thomas v. Astrue*, 2007 WL 1112667 (W.D. Vir. April 13, 2007) (denying § 406(b) fee petition without prejudice given a two-year delay between administrative award and fee petition where Plaintiff's counsel made no representation as to whether any portion of the past-due benefits award were still being withheld for fees). Based on this record, the Court will deny the Petition to the extent it is made under § 406(b), without prejudice to counsel refiling his Petition along with a proper representation that there are still monies being withheld for the payment of attorneys' fees.

## III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Petition for Fee (docket entry #10) is DENIED.

Dated this 7th day of May, 2007.

_____________________________________
UNITED STATES MAGISTRATE JUDGE